UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN BERGERON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-808** |
| **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY** | **SECTION: D (2)** |

### ORDER and REASONS

Before the Court is an Ex Parte Motion for Leave to Intervene, filed by Louisiana Insurance Guaranty Association ("LIGA").[1] LIGA seeks to intervene as a defendant in this matter[2] as "the statutory successor in interest to United Property and Casualty Insurance Company in liquidation pursuant to La. R.S. 22:2058(A)."[3] LIGA claims that it has an interest in this litigation and seeks to intervene of right pursuant to La. R.S. 22:2058(B)(3).[4] LIGA further asserts that Plaintiffs consent to the Motion.[5]

After considering the Motion and the applicable law, for the reasons expressed below, the Motion is **GRANTED** and this matter is hereby **REMANDED** to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, for lack of subject matter jurisdiction.

### I.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 24(a) provides that on "timely motion" the court must permit intervention by anyone who is either: (1) given an unconditional

---

[1] R. Doc. 40.
[2] R. Doc. 40 at p. 5.
[3] *Id*. at p. 1.
[4] *Id*. at pp. 1-2.
[5] *Id*. at p. 2.

right to intervene by federal statute; or (2) "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."[6] LIGA does not assert that a federal statute grants it an unconditional right to intervene; instead, it appears to move for intervention under Fed. R. Civ. P. 24(a)(2). According to Rule 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may, as a practical matter, impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest.[7]

The Court has reviewed and analyzed the four-factor test set forth above, and finds that LIGA satisfies a majority of the factors and may intervene as of right in this case under Rule 24(a)(2). As such, the Motion is granted and LIGA shall be allowed to intervene as a defendant in this matter.

That, however, does not end the Court's inquiry. The Fifth Circuit has made clear that federal courts are "duty-bound to examine the basis of subject matter

---

[6] Fed. R. Civ. P. 24(a).
[7] *Sommers v. Bank of America, N.A.*, 835 F.3d 509, 512 (5th Cir. 2016) (quoting *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015)).

jurisdiction sua sponte, even on appeal."[8]  This matter was removed to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[9]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[10]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[11]  "Although it is true that most subsequent events will not defeat jurisdiction, addition of a nondiverse defendant will."[12]  Remand is proper if at any time the court lacks subject matter jurisdiction.[13]

The Fifth Circuit has held that, "LIGA has the citizenship for diversity purposes of each of its constituent member insurers."[14]  While the Motion for Leave to Intervene does not address LIGA's citizenship or the citizenship of any of LIGA's constituent members, this Court has previously taken judicial notice of the fact that LIGA is a Louisiana citizen for diversity purposes.[15]  Because the Court has granted LIGA's request to intervene as a defendant in this matter and the Plaintiffs in this

---

[8] *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)) (internal quotation marks omitted).
[9] R. Docs. 1 & 6.
[10] 28 U.S.C. § 1332(a)-(a)(1).
[11] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[12] *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1181 (5th Cir. 1987).
[13] *See,* 28 U.S.C. § 1447(c).
[14] *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 394 (5th Cir. 1991) (citing authority).
[15] *See,* R. Doc. 14 in *Ahmad Ayyad, et al. v. Lighthouse Excalibur Ins. Co., et al.*, Civ. A. No. 23-1085 (E.D. La. June 21, 2023).  *See also, Murtagh v. Americas Ins. Co.*, Civ. A. No. 19-1762, 2024 WL 1967532, at *1 (E.D. La. May 3, 2024) (Lemmon, J.) (recognizing that, "Because LIGA is a Louisiana citizen, the court must consider whether its intervention destroyed diversity, depriving the court of jurisdiction over this matter.").

case are also Louisiana citizens,[16] the Court no longer has diversity jurisdiction because the parties are not completely diverse. The Court further finds that the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is foreclosed. In reaching this conclusion, the Court adopts the reasoning set forth in *Murtagh v. Americas Insurance Company*, wherein another Section of this Court explained that:

> While the addition of LIGA as a defendant through intervention rather than amendment might in some cases support the exercise of supplemental jurisdiction, see 28 U.S.C. § 1367(a), supplemental jurisdiction is exercised over claims, not parties, and the claims LIGA has intervened to litigate are brought by plaintiff. Section 1367(b) provides that "the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule . . . 24 of the Federal Rules." "[C]laims by plaintiff against the intervenor are expressly excluded from the ambit of supplemental jurisdiction." 7C WRIGHT & MILLER, Fed. Prac. & Proc. Civ. § 1917 (3d ed.)."[17]

As such, the Court lacks subject matter jurisdiction to adjudicate this matter, which must be remanded to state court.

## II. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Ex Parte Motion for Leave to Intervene [18] is **GRANTED.** The Clerk's Office is directed to file Louisiana Insurance Guaranty Association's Ex Parte Petition for Intervention[19] into the record in this matter.

---

[16] R. Doc. 6 at ¶ 8.
[17] Civ. A. No. 19-1762, 2024 WL 1967532, at *1 (E.D. La. May 3, 2024).
[18] R. Doc. 40.
[19] R. Doc. 40 at pp. 5-7.

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, June 26, 2024.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**